UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

UNITED STATES OF AMERICA

v.

CHANDRAKANT PATEL
aka "Lala" (01),
CHAD DOYLE (02), and
MICHAEL SLANEY
aka "Freck" (03),

Defendants

CRIMINAL NO. 1:25-CR-00173

DISTRICT JUDGE EDWARDS

MAGISTRATE JUDGE PEREZ-MONTES

**MOTION OF THE UNITED STATES OF AMERICA**
**FOR ISSUANCE OF PRELIMINARY ORDER OF FORFEITURE**

COMES NOW the United States of America, by and through its undersigned Assistant United States Attorney, to submit its Motion for Issuance of Preliminary Order of Forfeiture in the above-styled criminal case and in support thereof represents to the Court the following facts:

1. On July 7, 2025, a federal grand jury sitting in the Western District of Louisiana returned an Indictment charging the defendants, **Chandrakant Patel aka "Lala," Chad Doyle, and Michael Slaney aka "Freck."** Count 1 charged **Patel, Doyle, and Slaney** with a violation of 18 U.S.C. §§ 371 and 1546(a), conspiracy to commit visa fraud. Counts 2 through 25 charged **Doyle and Slaney** with a violation of 18 U.S.C. § 1546(a), visa fraud. Count 26 charged **Patel** with a violation of 18 U.S.C. § 666(a)(2), bribery. Counts 27 through 50 charged **Patel, Doyle, and Slaney** with a violation of 18 U.S.C. § 1341, mail fraud. Counts 51

through 62 charged **Patel, Doyle, and Slaney** with a violation of 18 U.S.C. § 1957 and 2, engaging in monetary transactions in property derived from specified unlawful activity.

2. A forfeiture notice was also included in the Indictment, seeking forfeiture of any property, real or personal, involved in the above-referenced offenses, pursuant to 18 U.S.C. § 982(a)(6)(a)(ii)(I) and 18 U.S.C. § 982(a)(6)(a)(I), including but not limited to, all interest of **Chandrakant Patel aka "Lala," Chad Doyle, and Michael Slaney aka "Freck"** in the following assets:

A. PNC Bank account x6664;

B. PNC Bank account x4287;

C. First Federal Bank of Louisiana account x0076;

D. First Federal Bank of Louisiana account x0116;

E. First Federal Bank of Louisiana account x5132;

F. Sabine State Bank account x1542;

G. JP Morgan Chase Bank account x1556;

H. JP Morgan Chase Bank account x9941;

I. JP Morgan Chase Bank account x8469;

J. JP Morgan Chase Bank account x3164;

K. Capital One Bank account x5018;

L. Capital One Bank account x6591;

M. First Federal Bank, Safe Deposit Box No. 64, account x1959;

N. First Federal Bank of Louisiana, Certificate of Deposit x5376;

O. Barksdale Federal Credit Union account x9202;

P. Barksdale Federal Credit Union account x9201;

Q. Barksdale Federal Credit Union account x9221;

R. JP Morgan Chase Bank account x9750;

S. Barksdale Federal Credit Union, Safe Deposit Box No. 65 (mistakenly listed in the Indictment as No. 35);

T. Barksdale Federal Credit Union account x5801;

U. Capital One Bank account x5555;

V. JP Morgan Chase Bank account x8033;

W. JP Morgan Chase Bank account x6075;

X. La Capitol Federal Credit Union account x87-70;

Y. La Capitol Federal Credit Union account x87-00;

Z. Barksdale Federal Credit Union account x4901;

AA. Barksdale Federal Credit Union account x4903;

BB. Barksdale Federal Credit Union account x4921;

CC. Merchants and Farmers Bank account x2759;

DD. Real property with an address of 221 Charles Street, Oakdale, Louisiana 71463;

EE. Real property with an address of 108 Toni Circle, Oakdale, Louisiana 71463;

FF. Real property with an address of 511 W 7th Avenue, Oakdale, Louisiana 71463;

GG. Real property with an address of 417 E Pelican Highway, Oakdale, Louisiana 71463;

HH. Real property with an address of 1503 Highway 1153, Oakdale, Louisiana 71463;

II. Real property with an address of 502 W 7th Street, Oakdale, Louisiana 71463;

JJ. Real property with an address of 0 Dr Brown Road, Lots 12 and 13, DeRidder, Louisiana 70634;

KK. 2025 Land Rover LL, white in color, VIN: SALYL2EX4SA803508;

LL. 2022 Toyota Camry LE, silver in color, VIN: 4T1C11AK5NU678836;

MM. 2024 Ford F-150 Crew Pickup, gray in color, VIN: 1FTFW3L54RKD58009;

NN. 2021 Toyota Sienna Sport Van, gray in color, VIN: 5TDYRKEC6MS073710;

OO. 2019 GMC 1500 Sierra Denali 4-door, red in color, VIN: 1GTU9FELXKZ109397;

PP. 2024 Polaris Ranger Side-by-Side, white in color, VIN: 3NSTAE991RH362770;

QQ. 2025 Cougar 29RLP Travel Trailer, VIN: 4YDTCGN25SV502559; and

RR. If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

3. **Michael Slaney aka "Freck"** entered into a written plea agreement with the United States and, on May 12, 2026, agreed to plead guilty to Count 1 of the Indictment. This count charged **Slaney** with a violation of 18 U.S.C. §§ 371 and 1546(a), conspiracy to commit visa fraud. [Doc. No. 110]. In addition, **Slaney** agreed to forfeiture of the following assets listed in paragraph 2 above:

a) La Capitol Federal Credit Union account x87-70;

b) Barksdale Federal Credit Union account x4901;

c) Barksdale Federal Credit Union account x4903;

d) Barksdale Federal Credit Union account x4921; and

e) Real property with an address of 0 Dr Brown Road, Lots 12 and 13, DeRidder, Louisiana 70634.

4. **Chad Doyle** entered into a written plea agreement with the United States and, on May 20, 2026, agreed to plead guilty to Count 1 of the Indictment. This count charged **Doyle** with a violation of 18 U.S.C. §§ 371 and 1546(a), conspiracy to commit visa fraud. [Doc. No. 117]. In addition, **Doyle** agreed to forfeiture of the following assets listed in paragraph 2 above:

a) Barksdale Federal Credit Union account x9202;

b) Barksdale Federal Credit Union account x9201;

c) Barksdale Federal Credit Union account x9221;

d) JP Morgan Chase Bank account x9750;

e) Barksdale Federal Credit Union, Safe Deposit Box No. 65; and

f) 2024 Polaris Ranger Side-by-Side, white in color, VIN: 3NSTAE991RH362770.

5. **Chandrakant Patel aka "Lala"** entered into a written plea agreement with the United States and, on May 28, 2026, agreed to plead guilty to Counts 1 and 54 of the Indictment. These counts charged **Patel** with a violation of 18 U.S.C. §§ 371 and 1546(a), conspiracy to commit visa fraud, and a violation of 18 U.S.C. §§ 1957 and 2, engaging in monetary transactions in property derived from specified unlawful activity [Doc. No. 123]. In addition, **Patel** agreed to forfeiture of the following assets listed in paragraph 2 above:

a) First Federal Bank of Louisiana account x0076;

b) First Federal Bank of Louisiana account x0116;

c) First Federal Bank of Louisiana account x5132;

d) Sabine State Bank account x1542;

e) JP Morgan Chase Bank account x1556;

f) JP Morgan Chase Bank account x9941;

g) JP Morgan Chase Bank account x8469;

h) JP Morgan Chase Bank account x3164;

i) First Federal Bank, Safe Deposit Box No. 64, account x1959, including, but not limited to:

i. Yellow Toned Necklace and 2 Earrings – 58250040-01
ii. 6 VALCAMBI SUISSE, 1-ounce Fine Gold Bars - 58250040-05
iii. 2 ARGOR-HERAEUS, 1-ounce Fine Gold Bars – 58250040-33
iv. 1 CREDIT SUISSE, 1-ounce Fine Gold Bar – 58250040-33
v. 1 PAMP SUISSE, 1-ounce Fine Gold Bar – 58250040-33
vi. 1 Elizabeth II $50 Canadian Coin- 58250040-33
vii. 1 Swiss Ingot, 1 gram layered 24k – 58250040-33
viii. 5 silver-Toned round coins – 58250040-06
ix. 1 square silver Toned coin – 58250040-06
x. 1 Perth Mint Australia, 1 ounce Gold Bar – 58250044-34
xi. 1 PAMP Suisse, 50-gram Fine Gold Bar – 58250044-34
xii. 1 Elemetal, 1 ounce Troy Gold Bar – 58250044-34
xiii. 1 Sunshine Minting, 1-ounce Gold Bar – 58250044-34
xiv. 2 Yellow Toned Bracelets – 58250040-10
xv. 1 Yellow Toned Braided Bracelet – 58250040-13
xvi. 4 Yellow Toned Charms – 58250040-14
xvii. 3 Yellow Toned Rings – 58250040-15
xviii. 1 Bracelet with 2 Toned Round Items – 58250040-16
xix. 1 Necklace with 2 Toned Round Items – 58250040-17
xx. 1 Necklace with 2 Toned Round Items – 58250040-18
xxi. 1 Necklace with 2 Earrings – 58250040-19
xxii. 1 Necklace with 2 Earrings – 58250040-20
xxiii. 1 Necklace with 2 Earrings – 58250040-21
xxiv. 1 Necklace with 2 Earrings – 58250040-22
xxv. 1 Bracelet (child-sized) – 58250040-23
xxvi. Yellow Toned Ring with Clear Stones – 58250040-24
xxvii. 2 Yellow Toned Necklaces – 58250040-25
xxviii. 1 Yellow Toned Braided Bracelet – 58250040-26
xxix. 4 Yellow Toned Bracelets (child-sized) – 58250040-27
xxx. 1 Necklace with 2 Earrings – 58250040-28
xxxi. 1 Necklace with 2 Earrings – 58250040-30
xxxii. 1 Necklace with 2 Earrings – 58250040-31
xxxiii. 3 Bracelets – 58250040-32
xxxiv. 4 sets Earrings – 58250040-32
xxxv. 3 Rings – 58250040-32
xxxvi. 1 Necklace (broken; child-sized) – 58250040-32
xxxvii. Loose Beads – 58250040-32

j) First Federal Bank of Louisiana, Certificate of Deposit x5376;

k) Real property with an address of 108 Toni Circle, Oakdale, Louisiana 71463;

l) Real property with an address of 511 W 7th Avenue, Oakdale, Louisiana 71463;

m) Real property with an address of 417 E Pelican Highway, Oakdale, Louisiana 71463;

n) Real property with an address of 1503 Highway 1153, Oakdale, Louisiana 71463;

o) Real property with an address of 502 W 7th Street, Oakdale, Louisiana 71463; and

p) 2021 Toyota Sienna Sport Van, gray in color, VIN: 5TDYRKEC6MS073710.

6. The remaining assets noticed in the Indictment but not included in the plea agreements of defendants **Chandrakant Patel aka "Lala," Chad Doyle, and Michael Slaney aka "Freck,"** were either administratively forfeited by the custodial agencies or determined to have predated the causes giving rise to this matter.

7. Rule 32.2(b)(1), (b)(2), and (b)(3), Federal Rules of Criminal Procedure, provide that:

a. As soon as practicable after a verdict or finding of guilty, or after a plea of guilty or *nolo contendere* is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

The court's determination may be based on evidence already in the record, including any written plea

agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

b. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

c. The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

8. Based upon the evidence set forth in the plea agreement filed in this matter, the United States has established the requisite nexus between the property and the offenses to which **Chandrakant Patel aka "Lala," Chad Doyle, and Michael Slaney aka "Freck"** pleaded guilty. Accordingly, the property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(6)(a)(ii)(I) and 18 U.S.C. § 982(a)(6)(a)(I).

9. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C. § 982(a)(6)(a)(ii)(I) and 18 U.S.C. § 982(a)(6)(a)(I), and the Attorney

General's authority to determine the manner of publication of an Order of Forfeiture in a criminal case, the United States shall publish notice of this order on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, notice of this Order and notice of the United States Marshals Service, Homeland Security Investigations, Internal Revenue Service, and/or Federal Bureau of Investigation's intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendants, **Chandrakant Patel aka "Lala," Chad Doyle, and Michael Slaney aka "Freck,"** having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

All such claims and answers must be filed with the Office of the Clerk, United States District Court, Western District of Louisiana, 300 Fannin Street, Suite 1167, Shreveport, Louisiana 71101, with a copy thereof sent to Assistant United States

Attorney J. Daniel Siefker, Jr., 800 Lafayette Street, Suite 2200, Lafayette, Louisiana 70501.

WHEREFORE, the United States respectfully requests that this Court enter the proposed Preliminary Order of Forfeiture forfeiting to the United States the property described in the forfeiture allegation of the Indictment and order the United States Marshals Service, Homeland Security Investigations, Internal Revenue Service, and/or Federal Bureau of Investigation to seize and maintain custody of the forfeited property and dispose of it in accordance with the law.

Respectfully submitted,

ZACHARY A. KELLER
United States Attorney

By: /s/ *J. Daniel Siefker*
J. DANIEL SIEFKER, JR. (LA Bar #34764)
JOHN W. NICKEL (LA Bar #37819)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Phone: 337-262-6618